NOT DESIGNATED FOR PUBLICATION

No. 116,612

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE EDWARD WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Opinion filed September 22, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Lee Edward Williams appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Williams' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed no response.

Williams pled guilty and was convicted of one count of possession of cocaine with the intent to distribute and one count of possession of a controlled substance without a tax stamp. At the original sentencing hearing, the district court imposed a controlling sentence of 50 months' imprisonment and placed Williams on probation for 18 months.

1

At a hearing on July 18, 2016, the district court found that Williams was in violation of his probation because he had been convicted of a new crime. The district court revoked Williams' probation and ordered him to serve the balance of his original sentence. Williams timely appealed from that order.

On appeal, Williams claims the district court "erred in revoking his probation and in imposing the underlying prison sentence." However, Williams acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Traditionally, once a defendant on probation violated that probation, the district court had the discretion to revoke the probation and order that the defendant serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8)(A), the district court may revoke probation without first imposing an intermediate sanction if the offender commits a new felony or misdemeanor while he or she is on probation.

Here, the district court revoked Williams' probation after finding that he had committed a new crime while on probation. Williams does not challenge this finding on appeal. As a result, the district court was not required to impose an intermediate sanction in this instance. The district court's decision to revoke Williams' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Williams' probation and ordering him to serve his underlying prison sentence.

Affirmed.